**Walter S. FARLEY**

v.

**The UNITED STATES.**

No. 314-54.

United States Court of Claims.

April 3, 1956.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Philip W. Lowry, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sues for $14,102.80, representing salary for the period August 1, 1954, to April 7, 1956. The President, by and with the advice and consent of the Senate, appointed plaintiff to the office of United States marshal, Eastern District of Pennsylvania, on April 8, 1952, for a term of four years, commencing on the same day. The President notified plaintiff by letter of June 29, 1954, that he was thereby removed from the office of United States marshal, effective upon the appointment and qualification of his successor. A successor was appointed by the President and took office on August 1, 1954. Both parties have moved for summary judgment.

The plaintiff contends that the office of United States marshal is a part of the judicial system and not a part of the executive department, and that Congress could and did limit the power of the President to remove a United States marshal to the period commencing after the term of four years had expired and before a successor had been appointed. The defendant contends that a United States marshal performs no judicial function and that his duties are wholly of an executive nature, and that the Congress could not and did not restrict the President's power of removal of a marshal.

758

The statute upon which plaintiff relies, Act of June 25, 1948, 62 Stat. 911, 28 U.S.C. § 541(c), provides:

"Each marshal shall be appointed for a term of four years, except in the district of Hawaii where the term shall be six years. Upon expiration of his term a marshal shall continue to perform the duties of his office until his successor is appointed and qualifies, unless sooner removed by the President."

The plaintiff interprets this provision to mean that the President cannot remove a marshal until after the four-year term has expired. Such an interpretation is neither supported by the words of the statute nor its legislative history. There is nothing in section 541(c) that states that a marshal cannot be removed by the President before the expiration of his four-year term. There is nothing in the legislative history that indicates that Congress intended to impose any restriction or limitation on the power of the President to remove a marshal.

■ It is settled that the President can remove an executive officer before the expiration of the statutory term of office. See Parsons v. United States, 167 U.S. 324, 17 S.Ct. 880, 42 L.Ed. 185, where the Court held that a district attorney of the United States could be removed by the President before the expiration of his four-year term.

To adopt plaintiff's interpretation would mean that a marshal could only be removed during the four-year term by the process of impeachment by the House of Representatives and a conviction thereon and removal by the Senate as punishment. This could not have been the intention of Congress.

■ We believe that it is clear that a United States marshal is an executive officer whose duties are ministerial and purely executive, and therefore he can be removed at the pleasure of the President prior to the expiration of the statutory term of office. Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160; Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L. Ed. 1611; Morgan v. Tennessee Valley Authority, 6 Cir., 115 F.2d 990, certiorari denied 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135.

■ Defendant's motion for summary judgment is granted, the plaintiff's motion for summary judgment is denied and his petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.