**Louis Harold MARTIN, Appellant,**

v.

**George TOBIN, Appellee.**

No. 25887.

United States Court of Appeals,
Ninth Circuit.

Sept. 28, 1971.

---

9. *See* notes 2, 3, *supra*.

10. *But see* note 1, *supra*.

Bessie Dreibellis (argued), of Carlson, Collins & Bold, Richmond, Cal., for appellant.

Alan S. Rosenthal (argued), Morton Hollander, Dept. of Justice, Washington, D. C., James L. Browning, Jr., San Francisco, Cal., for appellee.

Before HAMLEY, KOELSCH and CARTER, Circuit Judges.

## PER CURIAM:

Appellant Martin was removed by the President from the office of U. S. Marshal for the Northern District of California before the expiration of his four year term. Appellee Tobin is his replacement. Martin brought a suit for declaratory judgment against Tobin to determine who rightfully held the position. He appeals from the dismissal of his complaint upon a motion for summary judgment. His appeal raises the question of whether a U. S. Marshal is an executive officer who may be removed during his term of office by the President. Concluding that appellant has not shown he is anything but a "purely" executive officer, we affirm.

Our decision requires us to interpret 28 U.S.C. § 561(b). That section provides as follows:

Each marshal shall be appointed for a term of four years. On expiration of his term, a marshal shall continue to perform the duties of his office until his successor is appointed and qualifies, unless sooner removed by the President.

Appellant argues that this section guarantees him a minimum four year term. The United States reads it otherwise, construing it to do no more than create a maximum term of office.

█ In interpreting this section we must keep in mind the scope of Congress' authority. "Whether the power of the President to remove an officer shall prevail over the authority of Congress to condition that power by fixing a definite term and precluding a removal except for cause, will depend upon the character of the office." Humphrey's Executor v. United States, 295 U.S. 602, 631, 55 S.Ct. 869, 875, 79 L.Ed. 1611 (1935). In the case of "purely executive officers," Congress may not limit the President's power to remove. Id. at 631–632, 55 S.Ct. 869; Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160 (1926). Thus, appellant's construction of 28 U.S.C. § 561(b) would render it unconstitutional if he is but a purely executive officer.

Prior decisions place U. S. Marshals squarely within the Executive Branch. The Court of Claims, faced with the same problem, held U. S. Marshals to be purely executive officers who are subject to removal by the President. Farley v. United States (1956), 139 F.Supp. 757, 758, 134 Ct.Cl. 672. And the Supreme Court, in a different context, held that Marshals "belong emphatically to the executive department." In re Neagle, 135 U.S. 1, 63, 10 S.Ct. 658, 666, 34 L.Ed. 55 (1890). Thus 28 U.S.C. § 569 places marshals under the supervision and direction of the Attorney General.

Relying on dicta in United States v. Krapf (3 Cir. 1961), 285 F.2d 647, 649, appellant describes himself as concurrently a judicial and executive officer. This assertion lacks support. Appellant fails to make a showing of any duties which make him even a part-time member of the Judicial Branch.

█ Since a U. S. Marshall is a purely executive officer and the President can remove him at any time, 28 U.S.C. § 561(b) should not be construed to create a minimum term.

The judgment is affirmed.