# Term of the Commissioner of Internal Revenue

Under 26 U.S.C. § 7803, the five-year term of the Commissioner of Internal Revenue runs from the date of appointment and is not calculated from the expiration of his predecessor's term.

December 4, 2007

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

The term of the Commissioner of Internal Revenue is set by 26 U.S.C. § 7803 (2000), which provides in relevant part that the Commissioner "shall be appointed by the President, by and with the advice and consent of the Senate, to a 5-year-term." *Id.* § 7803(a)(1)(A). You have asked whether the term of the person appointed to serve a full term as Commissioner (rather than to fill a vacancy occurring before the expiration of a predecessor's term) runs from the date of appointment or from the expiration of the predecessor's term. We conclude that section 7803(a)(1)(A) provides that the term runs from the date of appointment.[*]

"As Attorney General Brewster explained more than a century ago, '[t]here are two kinds of official terms.'" *United States v. Wilson*, 290 F.3d 347, 353 (D.C. Cir. 2002) (quoting *Commissioners of the District of Columbia*, 17 Op. Att'y Gen. 476, 476 (1882) ("*D.C. Commissioners*")). The first type refers to a period of personal service. In that case, "the term is appurtenant to the person," *id.* (quoting 17 Op. Att'y Gen. at 476), and the term runs from the official's date of appointment. Accordingly, a person appointed to serve a fixed term of years would be able to serve the full term before it expired. The second type refers to a "*fixed slot of time* to which individual appointees are assigned." *Id.* (emphasis in original). Such a term "runs with the calendar," *id.*, in fixed increments from the expiration of the predecessor's term. Such a term of office would expire a given number of years after the expiration of the predecessor's term, regardless of when the person was appointed to the position.

Section 7803(a) establishes the office of the Commissioner of Internal Revenue and sets its term. It provides, in relevant part:

(1) *Appointment*.

(A) *In general*. There shall be in the Department of the Treasury a Commissioner of Internal Revenue who shall be appointed by the President, by and with the advice and consent of the Senate, to a

---

[*] Editor's Note: After this opinion was issued, Congress amended 26 U.S.C. § 7803(a)(1) to alter the Commissioner's term by providing that "[t]he term of the Commissioner of Internal Revenue shall be a 5-year term, beginning with a term to commence on November 13, 1997. Each subsequent term shall begin on the day after the date on which the previous term expires." Pub. L. No. 110-176, § 1(a), 121 Stat. 2532 (2008).

5-year term. Such appointment shall be made from individuals who, among other qualifications, have a demonstrated ability in management.

(B) *Vacancy*. Any individual appointed to fill a vacancy in the position of Commissioner occurring before the expiration of the term for which such individual's predecessor was appointed shall be appointed only for the remainder of that term.

(C) *Removal*. The Commissioner may be removed at the will of the President.

(D) *Reappointment*. The Commissioner may be appointed to more than one 5-year term.

Section 7803(a) explicitly provides that any individual appointed to fill a vacancy occurring before the expiration of the predecessor's term "shall be appointed only for the remainder of that term," *id.* § 7803(a)(1)(B), making clear that the term of a person appointed to fill a predecessor's unexpired term "runs with the calendar." *Wilson*, 290 F.3d at 353. The statute is silent, however, about the starting point of the term of a person appointed after the predecessor's term expired (i.e., the term of a person who is not appointed to fill an unexpired term).

The presumption is that "when a statute provides for an appointee to serve a term of years, the specified time of service begins with the appointment." *Term of a Member of the Mississippi River Commission*, 23 Op. O.L.C. 123, 123 (1999) ("*Mississippi River Commission*"); 63C Am. Jur. 2d *Public Officers and Employees* § 143 (1997). To depart from that rule requires "some apt expression of [legislative] intent." *D.C. Commissioners*, 17 Op. Att'y Gen. at 477. Here, the legislative history strongly reinforces the presumption that the term runs from the date of appointment. The conference report on the legislation specifically states that "[t]he Commissioner is appointed to a 5-year term, *beginning with the date of appointment*." H.R. Conf. Rep. No. 105-599, at 207 (emphasis added), *reprinted in* 1998 U.S.C.C.A.N. 288, 302.[1]

That understanding is further confirmed by practice under section 7803. The only IRS Commissioner appointed since the 1998 enactment of the relevant provisions was nominated, confirmed, and appointed for a full five-year term. Mark Everson was nominated on January 22, 2003, for "a term of five years, vice

---

[1] Significantly, this language appears in a section of the House conference report explaining the general operation of section 7803. In a separate passage, the report also discusses the conferees' understanding of the bill's application to the incumbent, then-Commissioner Charles O. Rossotti. *See* H.R. Conf. Rep. No. 105-599, at 207, *reprinted in* 1998 U.S.C.C.A.N. at 302 ("The provision relating to the 5-year term of office applies to the Commissioner in office on the date of enactment. This 5-year term runs from the date of appointment.").

Charles Rossotti," who was appointed Commissioner on November 13, 1997, and left office after a five-year term on November 12, 2002. 149 Cong. Rec. 1621 (Jan. 22, 2003). Mr. Everson's nomination was reported out by the Senate Committee on Finance with the recommendation that he be confirmed "for a term of five years." 149 Cong. Rec. 8235 (Apr. 2, 2003). The Senate confirmed Mr. Everson as Commissioner on May 1, 2003, "for a term of five years," 149 Cong. Rec. 10,391 (May 1, 2003), and he was appointed on May 5, 2003, for a five-year term. That history indicates that the Senate Committee on Finance, the Senate, and the President all understood section 7803 to provide that Commissioner Everson would commence serving a full five-year term upon his appointment on May 5, 2003. Had section 7803 been understood to create a term that ran from the expiration of his predecessor's term, Mr. Everson instead would have been confirmed and appointed to serve a term of approximately four and a half years, expiring November 12, 2007.[2]

This reading of section 7803 is strongly supported by practice under similar statutes. The language and structure of 12 U.S.C. § 1462a (2006), governing the appointment of the Director of the Office of Thrift Supervision, is nearly identical to that of section 7803. Like section 7803, it provides that "[t]he Director shall be appointed for a term of 5 years," and, like section 7803, it provides that a person appointed to fill "[a] vacancy in the position of Director which occurs before the expiration of the term . . . shall be appointed only for the remainder of such term." *Id.* § 1462a(c)(2), (3)(A). The first Director appointed under that provision after its enactment in 1989, Timothy Ryan, was confirmed "for a term of 5 years." 136

---

[2] A confirmation for a term commencing on appointment typically states that it is "for a term of *x* years," while one for a term running from the date a predecessor's term expired typically specifies the date on which the term shall be deemed to have commenced or its date of expiration. *Compare, e.g.*, 137 Cong. Rec. 33,978 (Nov. 22, 1991) (confirmation of Reggie Barnett Walton and Emmet Gael Sullivan as judges, each for "the term of 15 years"); *id.* (confirmation of Ernest Wilson Williams to be U.S. Attorney "for the term of 4 years"), *with id.* (confirmation of Lawrence B. Lindsey to be a member of the Board of Governors of the Federal Reserve System "for the unexpired term of 14 years from February 1, 1986"); *id.* (confirmation of H. Edward Quick, Jr. to be Commissioner of the Postal Rate Commission "for the term expiring November 22, 1996"); *id.* (confirmation of Trevor Alexander McClurg Potter and Scott E. Thomas to the Federal Election Commission, each "for a term expiring April 30, 1997"); *id.* (confirmation of Karen Borlaug Phillips to be member of the Interstate Commerce Commission "for a term expiring December 31, 1996"). This practice was observed around the time Mr. Everson was confirmed as Commissioner. On the day of Mr. Everson's confirmation, Lawrence Mohr, Jr., and Sharon Falkenheimer were confirmed for staggered terms on the Board of Regents for the Uniformed Services University of the Health Sciences, *see* 10 U.S.C. § 2113(b) (2000), for terms expiring June 20, 2003 and June 20, 2007, respectively, *see* 149 Cong. Rec. 10,379 (May 1, 2003), and the Senate Judiciary Committee recommended confirmation of Adam Noel Torres to be U.S. Marshal (whose term runs from the date of appointment, *see Farley v. United States*, 139 F. Supp. 757, 757 (Ct. Cl. 1956)), "for the term of four years." 149 Cong. Rec. 10,345 (May 1, 2003). *See also, e.g.*, 149 Cong. Rec. 12,944 (May 22, 2003) (confirmation of Mark Moki Hanohano to serve as U.S. Marshal "for a term of four years," and confirmation of Michael E. Horowitz and Ricardo H. Hinojosa to staggered terms on the United States Sentencing Commission, *see* 28 U.S.C. § 992(a) (2000), each "for a term expiring October 31, 2007").

Cong. Rec. 6816 (Apr. 4, 1990). The second, Ellen Seidman, was nominated on February 6, 1997, well after the expiration of her predecessor's term. Nonetheless, she was confirmed on October 23, 1997, "for a term of five years." 143 Cong. Rec. 22,800 (Oct. 23, 1997); *see also* 143 Cong. Rec. 1685 (Feb. 6, 1997) (reporting nomination of "Ellen Seidman, of the District of Columbia, to be Director of the Office of Thrift Supervision for a term of 5 years, vice Timothy Ryan, resigned"); 143 Cong. Rec. 21,728 (Oct. 8, 1997) (reported from Senate Banking, Housing, and Urban Affairs Committee with recommendation for confirmation "for a term of five years"). When Ms. Seidman resigned before the end of her term, her successor, James Gilleran, was appointed "for the remainder of the term expiring October 23, 2002," 147 Cong. Rec. 23,145 (Nov. 28, 2001), confirming that Ms. Seidman's term ran from the date of her appointment and not from the date her predecessor's term expired. *See also* 147 Cong. Rec. 23,146 (Nov. 28, 2001); 147 Cong. Rec. 22,996 (Nov. 27, 2001) (Seidman nomination reported out of Committee); 147 Cong. Rec. 16,338 (Sept. 4, 2001) (nomination). The nomination and confirmation of John M. Reich to be Director underscore the understanding of the Senate and the President. On May 25, 2005, President Bush originally nominated Mr. Reich "for a term expiring October 23, 2007, vice James Gilleran, term expired," 151 Cong. Rec. 11,191 (May 25, 2005), which would have reflected the understanding that Mr. Reich's term would run from the expiration of his predecessor's term. On June 6, 2005, the President withdrew that nomination and replaced it with a nomination for a full five-year term as Director. 151 Cong. Rec. 11,673, 11,674 (June 6, 2005). On July 28, 2005, Mr. Reich's nomination was reported out of Committee with a recommendation that he be confirmed "for a term of five years," 151 Cong. Rec. 18,975 (July 28, 2005). The following day, the Senate unanimously confirmed Mr. Reich "to be Director of the Office of Thrift Supervision for a term of five years." 151 Cong. Rec. 19,328, 19,338 (July 29, 2005).

Similar provisions for the Administrator of the Saint Lawrence Seaway Development Corporation, 33 U.S.C. § 982(a) (2000),[3] and for the Special Counsel, 5 U.S.C. § 1211(b) (2000),[4] have been subject to the same consistent practice: persons filling a vacancy occurring before the expiration of their predecessor's term serve out that term, but others serve a full term beginning on the date of their appointment. *See* Morton Rosenberg & Henry B. Hogue, Cong. Research Serv.,

---

[3] Section 982 provides, "[t]he management of the corporation shall be vested in an Administrator who shall be appointed by the President, by and with the advice and consent of the Senate, for a term of seven years. Any Administrator appointed to fill a vacancy in that position prior to the expiration of the term for which his predecessor was appointed shall be appointed for the remainder of such term."

[4] Section 1211(b) provides, in relevant part, "[t]he Special Counsel shall be appointed by the President, by and with the advice and consent of the Senate, for a term of 5 years. . . . A special Counsel appointed to fill a vacancy occurring before the end of a term of office of the Special Counsel's predecessor serves for the remainder of the term."

*Term of Office of the Commissioner of Internal Revenue* at CRS-5 (Sept. 12, 2007).[5]

This consistent practice under a variety of similarly worded statutes strongly supports the understanding that Congress intended section 7803 to create a five-year term that runs from the date of appointment. Congress is presumed to be aware of consistent administrative practice when it legislates. *See, e.g.*, *Lorillard v. Pons*, 434 U.S. 575, 580–81 (1978). By employing language that was subject to an established interpretation, Congress is presumed to have intended that interpretation to be given to the language of section 7803. *See Comm'r v. Keystone Consol. Indus., Inc.*, 508 U.S. 152, 159 (1993). As the D.C. Circuit wrote in the context of determining the term of appointments, "Congress is presumed to preserve, not abrogate, the background understandings against which it legislates. '[L]ong-standing practices' of the Executive Branch can 'place[] a "gloss" on Congress's action in enacting' a particular provision. Here the consistent treatment of appointments by the Executive Branch provides such a 'gloss.'" *Wilson*, 290 F.3d at 356 (quoting *Ass'n of Civilian Technicians v. FLRA*, 269 F.3d 1119, 1122 (D.C. Cir. 2001) (citations omitted)). Indeed, in the present case, the support from practice is even stronger, because that practice encompasses action not only of the Executive Branch, but also of the Senate, in its role of giving advice and consent to nominations.

It might be argued that Congress's provision in section 7803(a)(1)(B) for filling a vacancy before the term expires suggests that *every* appointment as Commissioner must run with the calendar from the expiration of the predecessor's term, and that otherwise, the provision for filling a vacancy to an unexpired term would serve no purpose. We disagree. Although the specific purpose of section 7803(a)(1)(B) is not apparent from the legislative history, the provision would serve a valuable function even if Commissioners appointed after the expiration of

---

[5] *See, e.g.*, 152 Cong. Rec. 21,648 (Sept. 29, 2006) (Collister Johnson, Jr., confirmed as Administrator of the Saint Lawrence Seaway Development Corporation "for a term of seven years" after expiration of predecessor's term); 145 Cong. Rec. 15,349 (July 1, 1999) (Albert S. Jacquez confirmed as Administrator "for a term of seven years" after expiration of predecessor's term); 141 Cong. Rec. 38,466 (Dec. 22, 1995) (Gail Clements McDonald confirmed for the remainder of "the term expiring March 20, 1998," after Stanford E. Parris resigned four years into his seven-year term); 137 Cong. Rec. 6949 (Mar. 20, 1991) (Stanford E. Parris confirmed as Administrator for a term of 7 years after expiration of predecessor's term); 149 Cong. Rec. 32,306 (Dec. 9, 2003) (Scott J. Bloch confirmed to be Special Counsel "for the term of five years" after expiration of predecessor's term); 144 Cong. Rec. 5946 (Apr. 2, 1998) (Elaine D. Kaplan confirmed to be Special Counsel "for the term of five years" after expiration of predecessor's term); 137 Cong. Rec. 33,978 (Nov. 22, 1991) (Kathleen Day Koch confirmed to be Special Counsel "for the term of 5 years" after expiration of predecessor's term); 132 Cong. Rec. 21,412 (Aug. 13, 1986) (Mary F. Wieseman confirmed to be Special Counsel "for a term of 5 years" after expiration of predecessor's term); 128 Cong. Rec. 25,930 (Sept. 29, 1982) (K. William O'Connor confirmed to be Special Counsel "for the remainder of the term expiring June 3, 1986," after Alex Kozinski resigned one year into five-year term); 127 Cong. Rec. 11,147 (June 2, 1981) (Alex Kozinski confirmed to be Special Counsel "for a term of 5 years").

a predecessor's term served a full five years from the date of appointment. The provision serves to prevent an outgoing President from extending the duration of his appointments by installing a new Commissioner immediately before leaving office.

*United States v. Wilson* does not support a contrary reading of section 7803. There, the D.C. Circuit held that the term of a member of the United States Commission on Civil Rights began and ended on fixed dates based on the staggered terms of initial commissioners, rather than running from the date of appointment of the individual member. 290 F.3d at 355. But the court's conclusion in that case relied critically on the fact that Congress clearly intended for the members of the Commission, who were subject to statutory removal restrictions, *see id.* at 350, to serve staggered terms. That is a recognized exception to the general rule that a term in office runs from the date of appointment, because the terms of multi-member commissions with staggered terms are presumed to run from the expiration of the predecessor's term to preserve staggering. *See Missis-sippi River Commission*, 23 Op. O.L.C. at 123. Moreover, the court emphasized that the "relevant practices of the Executive Branch which presumably informed Congress's" understanding, as well as the "policy ramifications" of maintaining staggered terms, both supported the conclusion that the terms ran from the expiration of the predecessors' terms. 290 F.3d at 354. Here, by contrast, there is no indication that the term of the Commissioner of Internal Revenue (who statutorily is subject to "remov[al] at the will of the President," *see* 26 U.S.C. § 7803(a)(1)(C)), is to be staggered.[6] And whereas the court in *Wilson* emphasized that it was "the common practice of the Executive Branch in making appointments to staggered boards and commissions" for terms to run "from the expiration of their predecessors' term," 290 F.3d at 354–55, here—outside the context of a multi-member board with staggered terms—the consistent practice of both the

---

[6] Nor do we believe that the term of the Commissioner, because of his service on the Internal Revenue Service Oversight Board ("Board"), *see* 26 U.S.C. § 7802(b)(1)(C), is staggered to fit into the appointment regime for that body such that his term as Commissioner would run with the calendar. Six members of the Board are appointed by the President with the Senate's advice and consent to serve terms that the statute explicitly requires to be staggered. *See id.* § 7802(b)(2)(B). Both the Secretary of the Treasury (or the Deputy Secretary, if designated by the Secretary) and the Commissioner are members but, unlike the other members, they have *no* terms on the Board, staggered or otherwise. *See id.* § 7802(b)(1)(B), (b)(2)(B). Moreover, the provision requiring staggering is explicitly limited to the six other members. *See id.* § 7802(b)(2)(B). *See generally Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotation marks omitted). Significantly, when members of the Board are confirmed, they are confirmed for terms expiring on specific dates. *See, e.g.*, 151 Cong. Rec. S2874 (daily ed. Mar. 16, 2005) (confirmation of Raymond Thomas Wagner, Jr., to Board "for a term expiring September 14, 2009"); 150 Cong. Rec. S8791 (daily ed. July 22, 2004) (confirmation of Charles L. Kolbe to Board "for the remainder of the term expiring September 14, 2004"); *see also* 150 Cong. Rec. S8473 (daily ed. July 20, 2004) (Senate Committee on Finance recommending confirmation of Paul Jones to Board "for a term expiring September 14, 2008").

Executive Branch and Congress under similar statutes is that the term of officials whose predecessor's term expired runs from the date of appointment.

Nor does *Wilson* reject that idea that Congress could intend for a Commissioner to serve a full term if he was appointed after the expiration of his predecessor's term, but serve only a partial term if he was appointed to fill the unexpired term of his predecessor. Under the circumstances of that case, the court rejected the idea that the single phrase "the term of office of each member of the Commission" had "two different meanings for two distinct classes of commissioner." *Id.* at 356. Under the interpretation rejected by the court, "when an appointee's predecessor had served out her full term, but there was a delay in the nomination of the new appointee, that new appointee could permissibly serve less than a full six years," but "when the appointee is replacing a predecessor who had failed to serve out a full term, . . . the new appointee should serve a new, full six years from the date of her appointment." *Id.* at 355. The court commented that "[w]e have difficulty believing that Congress *sub silentio* created two different tracks." *Id.* But our reading would not result in a "two-track" system; *every* "term," as that word is used in the statute, would be a five-year term running from the appointment of Commissioners succeeding a predecessor's expired term. That is true whether the person is appointed to serve a full term or appointed to fill a vacancy in an unexpired term.[7] In any event, *Wilson* only addressed whether such a distinction should be drawn where Congress had not explicitly spoken to the issue. But here, Congress did not act *sub silentio*. The legislative history explicitly states that the Commissioner "is appointed to a 5-year term, *beginning with the date of appointment.*" H.R. Conf. Rep. No. 105-599, at 207 (emphasis added), *reprinted in* 1998 U.S.C.C.A.N. at 302. Particularly in light of consistent practice under several similarly worded statutes, nothing in *Wilson* suggests that the Commissioner's term must run from the date a predecessor's term expired.

We are aware that a memorandum prepared by staffers of the Congressional Research Service has concluded that, "[w]hile the matter is not free from doubt, it is likely that a reviewing court would hold that Congress intended to establish a continuous tenure design for the Office of Commissioner" under which each Commissioner's tenure would be based on five-year increments from the end of Commissioner Rossotti's term as Commissioner. *Term of Office of the Commissioner of Internal Revenue* at CRS-15. We do not find that analysis persuasive. First, it disregards relevant legislative history. The memorandum does not discuss or even acknowledge the portion of the House Conference Report explicitly stating that the term of the IRS Commissioner runs from appointment. *See id.* at CRS-10

---

[7] Thus, for example, a nominee to fill the remainder of Commissioner Everson's five-year term would be able to serve until May 4, 2008, five years from the date of Commissioner Everson's appointment. But if the same person were then reappointed to a new term, he would serve "a 5-year term" from the date of his reappointment. In both instances, the "term" would be a five-year term running from the appointment of a Commissioner succeeding a predecessor's expired term.

to CRS-12. That legislative history is unambiguous and cannot be reconciled with the view taken in the CRS memorandum. Second, the memorandum notes the substantial practice that accords with, and supports, the view of the statute that we take here, *see id.* at CRS-4 to CRS-5; however, instead of giving weight to that practice, as cases like *Wilson* require, *see* 290 F.3d at 356, the memorandum simply dismisses the practice as contrary to the authors' reading of the statutory language in the abstract. Contrary to the memorandum, we believe that the practice of both the Executive Branch and the Senate, in its role of giving advice and consent, tends to establish the correct reading of the statute.

JOHN P. ELWOOD
*Deputy Assistant Attorney General*
*Office of Legal Counsel*